**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

Maroc Bey,

Plaintiff,

Case No. 1:25-cv-5041-MLB

v.

Experian Information Solutions, Inc., Trans Union LLC, and Equifax LLC,

Defendants.

________________________________/

**OPINION & ORDER**

The Court agrees with the Magistrate Judge that Plaintiff has not stated viable claims under the FCRA or under state law. (*See* Dkt. 27.) As the Magistrate Judge explained, Plaintiff has not pled enough nonconclusory facts to plausibly allege that Defendants withheld portions of Plaintiff's consumer file, included inaccurate information in Plaintiff's consumer file or credit report, failed to follow reasonable procedures, failed to conduct reasonable investigations, or otherwise violated a legal duty to Plaintiff. (*See* Dkt. 27.) To be sure, the Magistrate Judge could have addressed Plaintiff's allegations in more

detail, as Plaintiff points out in his R&R objections. (Dkt. 31 at 3–7.) That would have been helpful. But the Court has reviewed all of Plaintiff's allegations de novo. And none of them, viewed alone or together, state a plausible claim for relief.

For example, Plaintiff claims Defendants impermissibly withheld portions of Plaintiff's consumer file because Defendants failed to disclose "complete reporting history" and "complete source and furnisher information" for "one or more tradelines." (Dkt. 23 ¶¶ 15, 17, 19.) But Plaintiff does not say which tradeline was incomplete for which Defendant, much less for which reason. He does not identify any missing portions of his "reporting history" and "source and furnisher information" beyond a single unexplained reference to "dates of acquisition" in connection with only one Defendant. (Dkt. 23 ¶ 15.) And he offers no facts upon which the Court may infer his purportedly missing information even existed at the time of his request or was in Defendants' possession. Without facts like these, Defendants cannot know—with any meaningful specificity—what they allegedly did wrong. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (complaint must "give the defendant fair notice of what the claim is and the grounds upon which it

rests"). And Plaintiff cannot show his Section 1681g claim is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's other claims under Sections 1681e and 1681i—as well as his "derivative" claims for negligence—are similarly deficient. (Dkt. 31 at 9.) Each claim depends on the existence of inaccurate information in Plaintiff's consumer file or credit report. *See Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021); (Dkt. 23 at 5–6). But, to establish this element, Plaintiff alleges only that Experian "reported account balances and statuses that Plaintiff disputes as inaccurate," Trans Union "continued to report disputed information without correction," and Equifax "reported account information that was inaccurate and incomplete." (Dkt. 23 ¶¶ 16, 18, 20.) These "naked assertions" essentially "parrot" the inaccuracy element of Plaintiff's claims and lack the "factual enhancement" required to avoid dismissal. *Iqbal*, 556 U.S. at 678; *Medina-Velazquez v. Hernandez-Gregorat*, 767 F.3d 103, 109 (1st Cir. 2014); *see In re Jan. 2021 Short Squeeze Trading Litig.*, 76 F.4th 1335, 1352 (11th Cir. 2023) ("[W]e can only credit specific, plausible allegations—not vague and unsupported insinuations.").

For Experian, for example, Plaintiff doesn't connect any specific "account balance[]" or "status[]" to any specific inaccuracy; all we know is Plaintiff disputes *something* about *some* "balances and statuses" for *some* "account[s]." For Equifax, Plaintiff doesn't even narrow the problem to balances and statuses; he instead asks Defendants to speculate about which portion of his "account information"—writ large—they purportedly got wrong and why. And, for Trans Union, Plaintiff doesn't identify any inaccuracy at all, not even generally; he just claims one exists. These bare-boned allegations do not give Defendants fair notice of Plaintiff's claims or allow the Court to "reasonably infer" Defendants violated the FCRA. *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015).[1]

[1] Plaintiff's allegations about Defendants' investigative and report-preparation procedures also fall short. The complaint says Defendants' procedures were unreasonable because each Defendant "failed to meaningfully review all relevant information submitted by Plaintiff," "failed to correct or delete the inaccurate and incomplete information," used "automated processes without meaningful verification of the disputed information," and relied on "standardized and automated determinations that did not involve a substantive evaluation of the accuracy or completeness of the disputed information." (Dkt. 23 ¶¶ 14, 24–26.) These allegations are too general and conclusory to suggest plausibly Defendants' procedures violated the FCRA under *Losch* or otherwise. (*See* Dkt. 31 at 6.) But, even if the Court were wrong about

Given the deficiencies in Plaintiff's complaint, the Magistrate Judge recommends dismissing this case with prejudice rather than granting leave to amend. (Dkt. 27 at 12.) Plaintiff objects, arguing amendment would not be futile. (*See* Dkt. 31 at 7–8.) But Plaintiff is now on his second complaint, he does not dispute he has already exercised the "one chance to amend" to which pro se plaintiffs are entitled in this Circuit, and the law "does not require affording pro se plaintiffs multiple opportunities to amend" even if further amendments might at some point yield a plausible claim. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019); *Gurrera v. Palm Beach Cnty. Sheriff's Off.*, 657 F. App'x 886, 894 n.5 (11th Cir. 2016); *see Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("Because [plaintiff] already had been given an opportunity to correct his pleadings, the judge was not required to give him another chance.").[2] The Court cannot continue to coach

---

that, Plaintiff's claims would still require dismissal for failure to plead a plausible inaccuracy in Plaintiff's consumer file or credit report. (*See* Dkt. 27 at 7–9.)

[2] *See also Garcia v. Moody*, 2023 WL 6620318, at *3 (11th Cir. Oct. 11, 2023) ("Our precedent does not necessarily require a second chance to amend, even for a pro se party."); *Marantes v. Miami-Dade Cnty.*, 649 F. App'x 665, 673 (11th Cir. 2016) ("[O]ur case law does not require a district court to give a pro se litigant multiple opportunities to amend."); *Nawab*

Plaintiff through a series of amendments until he gets it right, including because doing so would unfairly prejudice Defendants as well as the hundreds of other litigants waiting in line for a ruling in their own cases. A further amendment would also foster a sue-now-and-figure-it-out-later approach, which is antithetical to the Federal Rules of Civil Procedure and the efficient resolution of civil disputes. *See Skipper v. MEB Loan Tr. IV*, 2022 WL 2389273, at *3 (N.D. Ga. Mar. 18, 2022) ("[T]he Federal Rules of Civil Procedure do not permit plaintiffs to 'file now and figure it out later.'"); *cf. Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1327 (11th Cir. 2002) ("[A]n attorney cannot file first and think later."); *Kason Indus., Inc. v. Component Hardware Grp., Inc.*, 120 F.3d 1199, 1206 (11th Cir. 1997) (declining to adopt a rule requiring parties to "sue first and ask questions later").

A with-prejudice dismissal is also warranted because the Magistrate Judge previously put Plaintiff on notice of his pleading

---

*v. Unifund CCR Partners*, 553 F. App'x 856, 860 (11th Cir. 2013) ("In light of Mr. Nawab's prior opportunity to amend his complaint and failure to cure its deficiencies, the district court properly exercised its discretion when it granted summary judgment without sua sponte inviting Mr. Nawab to amend his complaint a second time.").

"defects" and gave him "a meaningful chance to fix them." *Ramirez v. Walmart, Inc.*, 2024 WL 4880378, at *3 (11th Cir. Nov. 25, 2024); *Fernau v. Enchante Beauty Prods., Inc.*, 847 F. App'x 612, 623 (11th Cir. 2021). Specifically, the Magistrate Judge reviewed Plaintiff's initial complaint, explained the applicable pleading standards, discussed the substantive law governing Plaintiff's claims, identified the deficiencies in Plaintiff's complaint, and described the improvements required to state a claim, including the need for "reasonably detailed facts regarding [each Defendant's] misconduct." (Dkt. 21.) The Magistrate Judge explicitly instructed Plaintiff to "identify with reasonable particularity the specific information he believes was withheld by each Defendant," "plead enough facts to suggest his credit report or consumer file contained factually inaccurate information," and allege "facts plausibly suggesting that each Defendant failed to follow reasonable procedures." (Dkt. 21 at 5, 7, 11–12.) The Magistrate Judge warned Plaintiff that his failure to comply with these instructions could result in dismissal with prejudice. (*See* Dkt. 21 at 11 (noting courts may dismiss a pro se complaint with prejudice after "one chance to amend," and granting Plaintiff "**ONE OPPORTUNITY** to amend his complaint").) So, when Plaintiff filed an

amended complaint, he did so with his eyes wide open to what was wrong with his initial pleading and what he had to do to keep his claims alive. (*See* Dkt. 31 at 3.) That his complaint remains deficient—for essentially the same reasons as before—warrants dismissal without further leave to amend. *See Brown v. Columbus Police Dep't*, 2024 WL 3451862, at *7 (11th Cir. July 18, 2024) ("Because Brown did not provide a short and plain statement of his claim, even after being given adequate opportunity to amend, the district court did not abuse its discretion by dismissing the case with prejudice.").[3]

The Court **ADOPTS** the Magistrate Judge's Final Report and Recommendation (Dkt. 27), **GRANTS** Defendants' Motion to Dismiss (Dkt. 24), **DENIES** Plaintiff's Motion for Leave to File Reply Brief (Dkt. 32), and **DISMISSES** this case **WITH PREJUDICE**.

**SO ORDERED** this 17th day of September, 2026.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

[3] The Court also notes Plaintiff has not formally moved for leave to amend, even though "filing a motion is the proper method to request leave to amend a complaint." *Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018).